# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Pamela Harrison Logan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:19-2435-RMG |
| vs. ) | |
| ) | |
| Andrew M. Saul, Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on September 11, 2020 recommending that the Commissioner's decision be affirmed. (Dkt. No. 20). Plaintiff timely filed objections to the R & R. (Dkt. No. 22) and the Commissioner filed a reply (Dkt. No. 24).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The administrative record demonstrates that Plaintiff has experienced chronic pain in which she has sought and obtained medical care and treatment. There is no debate that she has significant impairments, and the question addressed by the Administrative Law Judge (ALJ) and the Magistrate Judge is whether those impairments are so great as to render the Plaintiff disabled under the Social Security Act. The ALJ concluded that Plaintiff retained the residual functional capacity for light work and was capable of performing her past relevant work as a customer service representative, a sedentary level position. (Dkt. No. 8-2 at 19-30). Plaintiff asserts that she is not capable of sitting for prolonged periods of time and is unable to perform even

sedentary work. The ALJ references Plaintiff's medical records which do not document this level of disability.

The record, taken as a whole, provides substantial evidence to support the findings and conclusion of the Commissioner and adequately addresses Plaintiff's impairments in the RFC. The record does contain some conflicting evidence, and it is the duty of the fact finder, in this case the Commissioner, to address that conflicting evidence and to make appropriate findings. The agency's decision addresses the conflicting evidence and provides an adequate and reasonable explanation for the Commissioner's determination.

## Conclusion

Based upon the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge as the order of the Court, **AFFIRMS** the decision of the Commissioner, and **DISMISSES** this action with prejudice.

AND IT IS SO ORDERED.

S/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
October 14, 2020